### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LUZ ESTELLA FERNANDEZ VELEZ** | ) | **CRIMINAL NO. 06-232-2** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**FILED**

**APR 2 0 2009**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM & ORDER

Luz Estella Fernandez Velez has been charged in a multi-count indictment with conspiracy to distribute and distribution of five kilograms or more of cocaine in violation of 21 U.S.C. §§ 959, 960, 963 and 18 U.S.C. § 2. Now before the Court is the government's oral motion for pre-trial detention. This Court conducted a hearing on the matter on April 16, 2009. Upon consideration of the oral motion, and the arguments and proffer of evidence introduced in the hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if the defendant were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, the government's motion is GRANTED and the Court ORDERS that the defendant be detained without bond pending trial.

### I.   THE GOVERNMENT'S PROFFER

At the April 16, 2009 hearing, the government made the following factual proffer: During and around 2005, defendant Luz Estella Fernandez Velez was the financial leader of a drug

organization operating on the Northern Coast of Colombia. The organization manufactured and distributed large amounts of cocaine. Fernandez Velez was responsible for negotiating the prices for which the organization should buy and sell cocaine as well as coordinating the payment of taxes to the AUC (the United Self-Defense Forces of Colombia). By utilizing a wiretap, the government obtained phone calls in which Fernandez Velez was heard discussing the financial aspects of the drug organization. Investigators were also able to seize some of the cocaine that was used in the conspiracy. Additionally, the government proffered that Fernandez Velez attempted to bribe a Colombian law enforcement following the arrest of one of her coconspirators. The government has also proffered that Fernandez Velez has no ties to the United States and poses a flight risk.

## II.   DISCUSSION

### A.   Legal Framework

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, dictates that a defendant may be detained pending trial where the government carries its burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e),(f). The government first must establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community. 18 U.S.C. § 3142(f). The court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found.

The court should consider the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to the community if the person were released.  18 U.S.C. § 3142(g)(1)–(4).

### B.      Flight Risk and Danger to the Community

The Court finds that the government has carried its burden of establishing, by a preponderance of evidence, that the defendant is a risk of flight.  The government has also shown by clear and convincing evidence that Fernandez Velez is a danger to the community.

The nature of the alleged crime is serious.  The grand jury has returned an indictment charging the defendant with conspiracy to distribute five kilograms or more of cocaine.  A grand jury indictment must be taken "fair upon its face" and provides probable cause to believe the defendant actually committed the acts constituting the offense. *United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986).

The Court has also considered the defendant's history and characteristics.  The defendant has no prior criminal history, but has no ties to the United States.  Therefore, given the seriousness of the alleged offense and the defendant's international ties, the Court cannot be reasonably assured that the defendant would appear in court were she to be released.

The Court has considered the weight of the evidence and concludes that the government's evidence is strong.  The government has phone conversations which indicate that the defendant is guilty of the crime charged.  Investigating officers have confirmed that the voice heard on the calls is the voice of Fernandez Velez.  Moreover, the government has proffered that with regard to some of the purchases, the defendant exchanged cocaine for American dollars, indicating that she was aware that the cocaine she was distributing would be imported into the United States.

The record does not reflect that Fernandez Velez has a history of drug or alcohol abuse, has a criminal record, or was on probation at the time of the offense.

## III.   CONCLUSION

After consideration of the proffered evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds that detention of the defendant is appropriate in this case pending trial. The Court also finds that the defendant's release, under any conditions, would pose an unreasonable danger to the community.  Accordingly, it is hereby

ORDERED that the defendant continue to be detained without bond; it is further

ORDERED that defendant shall be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.


_____          _____
Chief Judge Royce C. Lamberth                        Date